ANTON SCHWARZ et al. Appellants, against WILLIAM OPPOLD et al. Respondents.

(Decided April 2d, 1877).

In an action upon a promissory note, the defendant, under a general denial, may prove as a defense a fraudulent alteration of the note made after its execution.

Quære, whether, upon principle, such a defense is not new matter which should be set up in the answer. Per CHARLES P. DALY, Chief Justice.

Judgment as for want of an answer cannot be given at trial, for the reason that the defendant there testifies that he did not verify his answer to the verified complaint. An objection at the trial that a pleading is unverified is too late.

APPEAL from an order of the general term of the Marine Court of the city of New York, reversing an order granting a new trial, and from the judgment entered in pursuance of such order.

The facts are stated in the opinion.

*Henry Wehle*, for appellants.

*Peter Cook* and *Albert M. Shuck*, for respondents.

VAN HOESEN, J.   This was an action upon a promissory note, of which the plaintiffs were *bona fide* holders, for value and before maturity.   The answer of the defendant, William Oppold, was a general denial.   Louisa Oppold, a codefendant, pleaded that she was a married woman, and that she indorsed the note under coercion, and that she did not waive notice of presentment and non-payment, though there is a waiver of such notice written upon the back of the note above her signature.

Upon the trial, the defendants were permitted, in spite of the plaintiffs' objection, to give evidence showing that the words "with interest" were without the sanction or knowledge of the defendants, written in the note by the payee, after the execution and delivery of the instrument.   The plaintiffs' objection was that the fraudulent alteration of the note was a matter of defense arising subsequently to the execution of the instrument, and that it could not therefore be proved without having been pleaded.   The court overruled the objection, and received the evidence.   The case of *Boomer* v. *Koon* (6 Hun, 645) is an authority directly in point, and it decides that under a general denial the defense of fraudulent alteration may be proved.   We are inclined to adopt the views expressed by the court in that case, though we perceive the force of the argument presented in the dissenting opinion of Mr. Justice Mullin.

When the defendant, Louisa Oppold, was on the stand as a witness, she was led to say, upon cross-examination, that she had not verified her answer in the case, though the jurat

Schwarz v. Oppold.

was in proper form, and it bore the official signature of a notary public. The plaintiff thereupon moved for judgment against her as for want of an answer. The court overruled the motion, and the plaintiff excepted. We think there was no error in the ruling. It is too late at the trial of a cause to raise the objection that a pleading is not verified. The object of requiring pleadings to be verified, is to prevent the interposition of untrue answers or replies, and to save suitors from the expense and trouble of preparing for the trial of issues raised by false or sham pleadings. When it is discovered, during the course of a trial, that an answer has not been verified, the better course is to allow the trial to proceed. Both parties are in court with their witnesses, ready to contest the issues. The answer may not be false, though it be not verified. A defendant may be utterly free from blame, notwithstanding a notary public may have certified, by an innocent mistake, or even with a fraudulent design, that the pleading has been verified. To adjudge summarily and without a full hearing of all the parties concerned, that a defendant and a notary have committed a fraud upon the court, and that the defendant has forfeited the right to interpose a defense, would be a rash proceeding, and it ought to be founded on proof more satisfactory than the statement of a defendant, that at the time the verification purports to have been made, she did nothing more than read and sign the answer, at the notary's request.

The jury found a verdict in favor of the defendants, and I have read the testimony, and I am of the opinion that the verdict was not against the weight of evidence. The preponderance of evidence was, in my judgment, decidedly in favor of the defendants; and I concur with the general term of the Marine Court as to the propriety of reversing the order for a new trial which was made at the special term.

The order and the judgment appealed from should be affirmed, with costs.

JOSEPH F. DALY, J., concurred.

CHARLES P. DALY, Chief Justice.   I think it exceedingly doubtful whether this alteration in the note, after it was made and delivered by the defendant, was not new matter within the meaning and intent of the Code, which should have been specially set up as the defense, that the plaintiff might not be taken upon the trial by surprise.   But as the point has been determined otherwise in a reported case, I think it is better that there may be uniformity in the practice to follow that decision, leaving it to the court of last resort to settle the question finally if the construction given to the Code in that decision is erroneous.   I therefore concur in the conclusion of Judge Van Hoesen.

Order and judgment affirmed, with costs.